## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **JULIE A. SU**, Acting Secretary of Labor,<br>United States Department of Labor, | : | |
| | : | |
| | : | Case No.: |
| Petitioner, | : | |
| | : | |
| v. | : | Judge: |
| | : | |
| **JARA CONSTRUCTION INC.**<br>**and CELINDA FREGOSO** | : | |
| | : | |
| | : | |
| Respondents. | : | |
| | : | |

## <u>PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM*</u>

Petitioner, Julie A. Su, Acting Secretary of Labor ("Acting Secretary"), United States Department of Labor, pursuant to Section 9 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*, brings this action to compel Jara Construction Inc ("Jara Construction"), and Celinda Fregoso ("Fregoso") an individual, (collectively "Respondents"), to comply with the subpoena *duces tecum* issued by the Regional Administrator, Wage and Hour Division, United States Department of Labor, and duly served upon Respondents.

1.      Jurisdiction to issue the order is conferred upon this Court by Section 9 of the FLSA, 29 U.S.C. § 209, and Sections 9 and 10 of the Federal Trade Commission Act of 1914, as amended (15 U.S.C. §§ 49, 50) ("FTC Act").

2.      Section 11 of the FLSA authorizes the Acting Secretary to investigate and gather data regarding "conditions and practices of employment in any industry subject to this Act . . . as he may deem necessary or appropriate to determine whether any person has violated any provision of this Act, or which may aid in enforcement of the provisions of this Act." 29 U.S.C. § 211.

Section 9 of the FLSA further provides that sections 9 and 10 of the FTC Act (15 U.S.C. §§ 49, 50) relating to the production of documents, *inter alia*, are applicable to the Secretary for purposes of investigations under the FLSA. 29 U.S.C. § 209. Section 9 of the FTC Act provides authorized agents shall have access to documentary evidence of "any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49.

3.     Michael Lazzeri is the Regional Administrator of the Wage and Hour Division, United States Department of Labor, who, among others, has been delegated authority by the Secretary to issue administrative subpoenas under the FLSA.

4.     Respondent Jara Construction is an Ohio corporation for profit with an address registered with the Ohio Secretary of State at 455 Lombard Road, Columbus, OH 43228 ("registered address") in Franklin County, Ohio, which is within the jurisdiction of this Court. (*See* Exhibit 1, Declaration of Investigator Elena Ojeda, at ¶ 4).

5.     Respondent Fregoso is an individual who has been known to reside at 3327 Onslow Court, Columbus, OH 43228 ("residential address") in Franklin County, Ohio, which is within the jurisdiction of this Court. (*Id.*, at ¶ 5).  Respondent Fregoso is the owner of Jara Construction. (*Id.*).

6.     To conduct a thorough investigation into the wages, hours, and other conditions and practices of employment pursuant to Section 11 of the FLSA, Wage and Hour investigators regularly review, copy, and/or transcribe information from employers' records (including, but not limited to, payroll records, records of hours worked, and date of birth), question and interview

employees, and collect and review other relevant data relating to compliance by employers under the FLSA.

7.     On September 18, 2023, the Acting Secretary began an investigation as to whether Respondents failed to comply with the FLSA. (*Id.*, at ¶ 2).

8.     On September 18, 2023, an appointment letter containing document requests was delivered to the registered address of Jara Construction, via USPS, to the care of Fregoso (*Id.*, at ¶ 6).  The documents requested in the appointment letter were due on or before September 21, 2023. (*Id.*).

9.     Having not heard from Respondent Fregoso or received any responsive documents, on September 27, 2023, WHI Ojeda traveled to the registered address of Jara Construction and provided a final written notice ("72-hour letter") to submit the requested information and records by September 30, 2023. This letter was signed by Carmen Reyes-Rodriguez, Assistant District Director, Wage and Hour Division, Ohio District Office ("ADD Reyes"). (*Id.*, at ¶ 7).  The 72-hour letter was also sent to the Respondents via email. Respondents did not produce any of the requested documents by September 30, 2023. (*Id.*).

10.     On November 28, 2023, pursuant to the power vested in him as the Regional Administrator of the Wage and Hour Division, Michael Lazzeri signed and issued a subpoena *duces tecum* ("Subpoena") relating to the Acting Secretary's investigation of Respondents, directing Respondents to provide the requested documents to ADD Reyes-Rodriguez, by December 7, 2023, at 10:00 AM EST. On November 29, 2023, WHI Ojeda served the subpoena by hand, delivering it to Respondent Fregoso at the residential address. WHI explained the contents and consequences of not responding to the subpoena, however, Respondents did not produce any

of the requested documents by December 7, 2023. (*Id.*, at ¶ 8). A true and accurate copy of the Subpoena is attached as Exhibit 2.

11. On July 10, 2024, pursuant to the power vested in him as the Regional Administrator of the Wage and Hour Division, Michael Lazzeri signed and issued an additional subpoena *duces tecum*, this time written in Spanish in order to ensure that Respondents were able to understand what was being asked of them, as it was WHI Ojeda's understanding that Respondent Fregoso's first language is Spanish ("Spanish Subpoena") relating to the Acting Secretary's investigation of Respondents, directing Respondents to provide the same requested documents as the Subpoena, to ADD Reyes, by July 24, 2024, at 10:00 AM EST. A true and accurate copy of the Spanish Subpoena is attached as Exhibit 3.

12. On July 19, 2024, WHI Ojeda traveled to the residential address to serve the Spanish Subpoena. (*Id.*, at ¶ 10). WHI Ojeda saw Respondent Fregoso and served the Subpoena by handing it to them. (*Id.*). WHI Ojeda explained the consequences of not responding to the Spanish Subpoena and asked if Respondent Fregoso had any questions, and Respondent Fregoso indicated that they did not. (*Id.*). Respondents did not produce the requested documents by July 24, 2024.

13. On July 26, 2024, having received no response to the Spanish Subpoena, WHI Ojeda left a voicemail with Fregoso, once again explaining the consequences of not responding to the Spanish Subpoena. (*Id.*, at ¶ 11).

14. On August 1, 2024, WHI Ojeda spoke with Respondent Fregoso over the telephone, and during that conversation, Respondent Fregoso claimed that they had "provided all of the documents requested." However, Respondent Fregoso refused to clarify what documents had allegedly been provided and to whom. WHI Ojeda informed Fregoso that the Wage and Hour

Division had not received any documents from Respondents, despite multiple attempts to request them over the past twelve (12) months. Respondent Fregoso informed WHI Ojeda that they would "notify [her] what [they were] going to do," and then hung up on WHI Ojeda. (*Id*., at ¶ 12).

15.     On August 29, 2024, undersigned counsel called Respondent Fregoso and left her a voicemail message asking Respondent Fregoso to return the call to discuss this matter, but the call was never returned.

16.     On September 23, 2024, undersigned counsel sent a letter to Respondents via certified mail, informing Respondents that they had not provided any documents or information pursuant to either Subpoenas and directing Respondents to provide the requested documents to ADD Reyes-Rodriguez, by October 18, 2024. A true and accurate copy of the letter is attached as Exhibit 4.

17.     To date, Respondents have failed to produce any of the documents required by the Subpoena or Spanish Subpoena.

18.     Respondents' failure to produce any of the documents required by the Subpoena or Spanish Subpoena, has impeded and continues to impede a lawful investigation under Section 11 of the FLSA. (*Id.*, at ¶ 15).

WHEREFORE, Petitioner prays for an order requiring Respondents to appear before this Court, on a day certain, to show cause, if any, why they should not appear before the Acting Secretary's designated representative, at such time and place as the Court may set, to produce designated books, records, and documents, as required by the Subpoena; why the Court should not toll the statute of limitations from December 7, 2023, the date Respondents first failed to comply with the Acting Secretary's Spanish Subpoena, until such date as the Acting Secretary informs the Court that Respondents have complied in full, and that Petitioner have such other relief as may be

necessary and appropriate. The Acting Secretary further requests this Court issue an order directing Respondents to pay all costs, expenses, and fees incurred by the Acting Secretary in this matter, including but not limited to the market rate for the time the undersigned spent preparing the Petition and the travel costs incurred by the Acting Secretary enforcing the Petition.

      Respectfully submitted,

Dated:  December 27, 2024

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**LEAH A. WILLIAMS**
Associate Regional Solicitor

*/s/ Lisa A. Wallace*
LISA A. WALLACE
Senior Trial Attorney
U.S. Department of Labor Office of the Solicitor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
Tel. (216) 522-3873
Email: Wallace.Lisa.A@dol.gov