# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES DEPARTMENT OF LABOR, | : | |
| | : | |
| Petitioner, | : | |
| | : | Case No. 2:24-cv-4308 |
| v. | : | Judge Michael H. Watson |
| | : | Magistrate Judge S. Courter M. Shimeall |
| | : | |
| JARA CONSTRUCTION INC., *et al.*, | : | |
| | : | |
| Respondents. | | |

## REPORT AND RECOMMENDATION

This matter came before the Honorable S. Courter M. Shimeall for a Show Cause Hearing on July 9, 2026.  Petitioner Keith Sonderling,[1] Secretary of Labor for the United States Department of Labor, was represented by counsel, and Respondent[2] Celinda Fregoso appeared *pro se*.  The Court heard testimony on behalf of Petitioner from Carmen Reyes-Rodriguez, Assistant District Director, Wage and Hour Division, Ohio District Office ("ADD Reyes"), as well as Wage and Hour Investigator Elena Ojeda ("WHI Ojeda").  Respondent Fregoso also testified on her own behalf through an interpreter.  The Undersigned issues the following findings and recommendations based on that hearing and the overall record.

---

[1] The Undersigned automatically substitutes the current Acting Secretary pursuant to Federal Rule of Civil Procedure 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

[2] Respondent Jara Construction Inc. failed to obtain counsel prior to the hearing as ordered by this Court, and thus, failed to appear at the show cause hearing.  On April 15, 2026, this Court originally set the show cause hearing. (ECF No. 9.)  In the order doing so, the Court advised Jara Construction that it needed to retain counsel.  (*Id.*)  The show cause was then rescheduled and ultimately took place on July 9, 2026—nearly three months from the date when Jara was told to retain counsel.  In other words, Jara had plenty of time to retain counsel; it did not do so, and then it failed to appear before the hearing.  This Order thus applies to Jara as well.

## I.     PROCEDURAL HISTORY AND FINDINGS OF FACT

The Department of Labor's Wage and Hour Division commenced an investigation of Jara Construction and Celinda Fregoso, Jara's statutory agent in the State of Ohio, on September 18, 2023, regarding potential Fair Labor Standards Act ("FLSA") violations.  (Declaration of WHI Ojeda, ECF No. 1-2, at ¶¶ 2–3.)

Pursuant to 29 U.S.C. §§ 209, 211(a), the Regional Administrator of the Department of Labor's Wage and Hour Division issued a subpoena *duces tecum* on November 28, 2023, requiring Respondents to produce the requested documents by December 7, 2023.  (*See* Subpoena *Duces Tecum*, ECF No. 1-3.)  WHI Ojeda testified, and the record otherwise reflects, that she personally served the Subpoena on Respondent Fregoso at her residential address and explained to Fregoso what she needed to provide in order to comply with the Subpoena, as well as the consequences of failing to comply.  (Declaration of WHI Ojeda, ECF No. 1-2, at ¶ 8.)  Respondents then failed to comply.  (*Id.*)

On July 10, 2024, another Subpoena *Duces Tecum* was issued in Spanish, directing Respondents to provide the same requested materials by July 24, 2024.  (Subpoena *Duces Tecum*, ECF No. 1-4) (collectively with the November 29, 2023, subpoena, the "Subpoenas").  Again, WHI Ojeda testified, and the record otherwise reflects, that she personally served the Subpoena on Respondent Fregoso at her residential address on July 19, 2024, and explained to Fregoso what she needed to provide in order to comply with the Subpoena, as well as the consequences of failing to comply.  (Declaration of WHI Ojeda, ECF No. 1-2, at ¶¶ 9–10.)  WHI Ojeda further testified that Respondent Fregoso responded with "Okay." (*See id.* at ¶ 10.)  Additional attempts to contact Respondent Fregoso were made by letter and phone.  (*See id.* at ¶¶ 11–12.)  Once again,

Respondents failed to produce the necessary documents for the Wage and Hour Division to conduct their investigation. (*See id.* at ¶ 13.)

On December 27, 2024, Petitioner commenced this civil action by petition, seeking to enforce administrative Subpoenas served on Respondents. (ECF No. 1.) Respondents did not respond and were therefore ordered to show cause on April 14, 2025, why the Court should not grant the Petition. (ECF No. 3.) Respondents failed to respond to the Court's Show Cause Order, and thus, on June 18, 2025, the Court granted the Petition and ordered Respondents to produce the documents. (ECF No. 4.) The Order was clarified on July 8, 2025, to indicate that the statute of limitations was being tolled "from December 7, 2023 until such date as the Secretary informs the Court that Respondents have complied in full with the subpoena." (ECF No. 5.)

On February 26, 2026, Petitioner moved for an Order of Contempt against Respondents for failure to comply with the Subpoenas and Court's June 18, 2025, Order. (ECF No. 7.) Specifically, Petitioner sought an order requiring Respondents to show cause why the Court should not find them in civil contempt, impose a daily coercive fine of $50, and why the Court should not require Respondents to pay Petitioner's reasonable attorney's fees and costs incurred in prosecuting the petition. (*Id.*) The Undersigned granted that motion on April 15, 2026, and set the matter for a show cause hearing to give Respondents an opportunity to demonstrate why the Undersigned should not recommend the Court impose the sanctions requested by Petitioner. (ECF No. 9.) The Undersigned further instructed in that order for Respondent Jara Construction to retain counsel in order to appear at the Show Cause Hearing. (*Id.*)

The Show Cause Hearing was initially set for May 7, 2026, but Respondent Fregoso filed a Motion to Continue on May 6, 2026, seeking additional time to find counsel. (ECF No. 12.) The

3

Show Cause Hearing was then held on July 9, 2026, at which Respondent Fregoso appeared *pro se* and Respondent Jara Construction failed to appear.

At the hearing, Petitioner introduced into the record additional correspondence from Petitioner's counsel—correspondence that requested Respondent Fregoso bring documents to the Show Cause Hearing and, again, re-attached copies of the English and Spanish versions of the Subpoenas. (Hearing Exhibit 1, ECF No. 16.) Respondent Fregoso testified at the hearing that she understood her name was listed as the statutory registered agent for Respondent Jara Construction, confirmed she received the Subpoenas and understood what they were requesting, and further confirmed she understood the consequences of not complying. Respondent Fregoso testified that she did not provide the documents because she did not have them and was not involved in the day-to-day operations of Respondent Jara Construction.

## II.      LEGAL STANDARD

The decision to hold a party in contempt is within the sound discretion of the district court. *Gascho v. Glob. Fitness Holdings*, LLC, 875 F.3d 795, 800 (6th Cir. 2017). "A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly 'violated a definite and specific order of the court.'" *Id.* (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)).

"Upon a finding of civil contempt, the Court must fashion appropriate sanctions 'to coerce compliance or compensate the complainant for losses.'" *Su v. Superior Ventures Unlimited, LLC*, No. 1:23-MC-0019, 2023 WL 9110935, at *2 (W.D. Mich. Nov. 28, 2023), *report and recommendation adopted*, No. 1:23-MC-19, 2024 WL 68243 (W.D. Mich. Jan. 5, 2024) (quoting *Electrical Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Electrical Service Co.*, 340 F.3d 373, 383 (6th Cir. 2003)).

4

### III.    ANALYSIS

Upon review of the record and the testimony and evidence introduced at the Show Cause Hearing, the Undersigned finds that Petitioner has met his burden to demonstrate that Respondents knowingly violated this Court's Order by failing to produce the documents requested in the Subpoenas.  The record reflects that Respondent Fregoso received the Subpoenas, understood was what being requested, and was given ample opportunities to comply.  Moreover, this Court's June 18, 2025, Order was clear in that it explicitly required Respondents to provide the documents requested in the Department of Labor's administrative subpoena and to do so by a date certain. (ECF No. 4.)  Thus, there was no uncertainty as to what was required of Respondents.  Moreover, Petitioner established that Respondents have failed to provide responsive documents in violation of this Court's Orders.  Respondent Fregoso testified to this at the Show Cause Hearing that she had not provided documents.  Finally, Petitioner established that Respondents did not take reasonable steps to try to obtain the documents and information that may have been, or could have been, within their custody or control.  Respondents failed to respond to any Court Orders, and Respondent Fregoso otherwise failed to provide any justification for her failure to comply at the Show Cause Hearing or demonstrate that she took reasonable steps to try to comply.  Indeed, Fregoso even testified that, after receiving multiple copies of the subpoena, and after being aware of her duty to respond, she located a binder full of what appeared to be responsive materials (receipts and paperwork) at the registered address for Jara Construction—but that she then threw the binder away, thinking that the materials might not be responsive, or that the receipts might have been faded.

Accordingly, Petitioner has met its burden and established that Respondents knowingly violated this Court's Orders, and thus, should be held in civil contempt.  *See N.L.R.B. v. Cincinnati*

5

*Bronze, Inc.*, 829 F.2d 585, 590–91 (6th Cir. 1987) ("[A]ll orders and judgments of courts must be complied with promptly . . . and the power of courts to punish for contempts is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." (citations and quotations omitted) (cleaned up)).

### IV.  CONCLUSIONS OF LAW AND RECOMMENDATIONS

Petitioner has established by clear and convincing evidence that Respondents are in civil contempt by failing to comply with the Court's June 18, 2025, Order.  It is therefore **RECOMMENDED** that:

1. Respondents be held in civil contempt and that a fine of $50 a day be imposed on them, jointly and severally, until they comply with the Court's June 18, 2025, Order;

2. Any daily fine paid as a result of this Order be maintained in the Court's escrow account for a period of three years or until the Secretary files an enforcement action against Respondent Jara Construction Inc. and/or Respondent Celinda Fregoso and receives a favorable final judgment that includes, among other things, a monetary damages award, whichever is sooner;

3. Respondents pay Petitioner's reasonable attorney's fees and costs[3] incurred in prosecuting this Petition; and

4. Enforcement of any Order adopting this Report and Recommendation be held in abeyance for a period of **thirty days** to permit Respondents one last opportunity to comply with the Court's Orders.

The Clerk's Office is **DIRECTED** to send a copy of this Report and Recommendation by certified mail upon:

> Celinda Fregoso
> 3327 Onslow Court
> Columbus, Ohio 43204
>
> and
>
> Jara Construction Inc.
> Attn: Celinda Fregoso
> 455 Lombard Road

---

[3] If Petitioner intends to collect accordingly on this aspect of the contempt order, Petitioner is instructed to file a separate motion with the Court as to this sanction.

Columbus, Ohio 43228

## V.      PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**


*/s/ S. Courter M. Shimeall*_____
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

7